UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL GEORGE GRAVELLE, | Case No. 3:19-cv-00589-LRH-WGC |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| STATE OF NEVADA, | |
| Respondent. | |

This habeas matter is before the Court on consideration of *pro se* Petitioner Daniel George Gravelle's Application to Proceed *In Forma Pauperis* (ECF No. 1) and an initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court orders Gravelle to show cause in writing within 45 days as to why this action should not be dismissed without prejudice for a failure to exhaust his claims in state court. He must also resolve the filing fee and file an amended petition.

Gravelle challenges a conviction and sentence imposed by the Fourth Judicial District Court for Elko County ("state court"). (ECF No. 1-1 at 2 (citing case number CR-FP-15-0934).) A jury found him guilty of possession of a firearm by a person convicted of a felony offense. In November 2015, the state court entered a judgment of conviction and sentenced him to 24–60 months in the custody of the Nevada Department of Corrections. Although his petition represents that he is currently incarcerated at the Elko County Jail, he challenges the November 2015 conviction. Gravelle represents that he did not file an appeal to the Nevada appellate courts regarding his conviction and has not previously filed any petitions, applications, or motions with respect to this judgment in any state or federal court.

///

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

## I. ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. Habeas Rule 4; *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Here, it appears likely that Gravelle's petition is wholly unexhausted in the state court and is subject to dismissal without prejudice. Pursuant to 28 U.S.C. § 2254(b)(1)(A), a state prisoner seeking habeas corpus relief in federal court must first exhaust available state court remedies before presenting his claims in the federal court. The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a petitioner must fully and fairly present his claims to the state courts. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). A claim must be raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). In the state courts, the petitioner must refer to the specific federal constitutional guarantee he believes has been violated, and he must state the facts that he claims entitle him to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000). Fair presentation requires the petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

Gravelle was sentenced by the state court in November 2015. The petitioner concedes that he has not filed a direct appeal or initiated a post-conviction proceeding in the state court. Thus, it is virtually certain that he has not exhausted any federal constitutional claim relative to his

judgment of conviction and this federal habeas action is premature. Accordingly, Gravelle will be required to show cause why this action should not be dismissed because of his failure to exhaust any claim in state court.

## II. THE FILING FEE AND REQUIRED AMENDMENT

In addition to the lack of exhaustion, multiple procedural errors are apparent in this action.

First, Gravelle has not properly commenced this habeas action by either paying the standard filing fee or filing a complete application for leave to proceed *in forma pauperis* ("IFP"). He submitted a petition and IFP application on forms used by the state court. The federal IFP application for prisoner and petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 required in this federal district court differs greatly from the IFP application and petition used in Nevada state courts.

To proceed in a federal habeas action without paying the standard filing fee, LSR 1-1 and § 1915 provide that a prisoner must submit the court's form IFP application for incarcerated litigants. LSR 1-2 and § 1915 specifically require that three items be submitted with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated, (2) a copy of his or her inmate trust account statement for the six-month period prior to filing, and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them. Gravelle must either pay the $5 filing fee or submit a complete IFP application with all required attachments within 45 days from the date of this order.

Second, Gravelle incorrectly filed his petition on the state court's form. The petition states that he is challenging a state court judgment of conviction, so the only proper basis for his claims is 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1005–07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc). Unlike a complaint in other civil cases, a petition for writ of habeas corpus must be submitted on the court's approved form, or be in substantial compliance with the federal form. LSR 3-1; *see also* Habeas Rule 2(d). The form instructs a petitioner to provide answers pertaining to various procedural matters, such as procedural default and exhaustion. Gravelle must, within 45 days of the date of

this order, file an amended petition on the correct § 2254 form.[2]

Third, the petition does not name a proper respondent. Instead, he has generically named the State of Nevada. Habeas Rule 2(a) states that, when a petitioner is "in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Typically, this is the warden of the correctional facility where a petitioner is housed. Failure to name the proper respondent strips the court of personal jurisdiction. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). As such, any amended petition must name the correct respondent.

If Gravelle chooses to file an amended petition, he must do so within 45 days of the date of this order. This is in addition to resolving the filing fee and responding to the order to show cause. The amended petition should set forth the claims in short and plain terms, simply, concisely, and directly. This means that Gravelle should avoid legal jargon and conclusions. Instead, he should summarize the information he believes to be relevant in his own words for each claim asserted. Exhibits are not a substitute for a proper petition. Gravelle should specifically identify what constitutional right he believes were violated.

Additionally, Gravelle is informed that he cannot refer to a prior pleading (*i.e.*, the original petition) in order to make the amended petition complete. *See* LR 15-1(a); *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Therefore, the amended petition must re-allege all claims for relief. Any claim that Gravelle does not re-allege will be waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS THEREFORE ORDERED:**

1. Petitioner Daniel George Gravelle's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED without prejudice**.
2. The Clerk of Court is directed to MAIL Gravelle two blank copies of the form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and IFP application for

---

[2] Gravelle at all times remains responsible for calculating the applicable statute of limitations. By ordering him to amend his petition, the Court makes no finding or representation that either the original or amended petition will be considered timely.

incarcerated litigants along with instructions for completing the forms.

3. **Within 45 days of the date of this order**:

    a. Gravelle must file a "Response to Order to Show Cause," showing cause why this action should not be dismissed without prejudice because of his failure to exhaust his claims in state court. Gravelle's showing must be factually detailed, and must, where possible, be supported by exhibits.

    b. Gravelle must file an IFP application along with all required attachments or, in the alternative, he must pay the $5 filing fee.

    c. Gravelle must file an amended petition that corrects the noted deficiencies. Gravelle must clearly title the amended petition as such by writing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on the first page, and including 3:19-cv-0589-LRH-WGC in the space for the case number ("CASE NO.").

4. Gravelle's failure to timely and fully comply with this order will result in the dismissal of this action without prejudice and without further advance notice.

DATED this 1st day of October, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE