# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL GEORGE GRAVELLE,<br><br>                              Petitioner,<br>v.<br>STATE OF NEVADA,<br><br>                              Respondent. | Case No. 3:19-cv-00589-LRH-WGC<br><br>**ORDER** |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry as to whether the petition is subject to dismissal as completely unexhausted. This order follows upon a prior Order to Show Cause ("OSC") (ECF No. 3) and Petitioner Daniel George Gravelle's Response (ECF No. 5) thereto. For the reasons discussed below, the Court dismisses this action without prejudice for a failure to exhaust his claims in state court.

Gravelle challenges a conviction and sentence imposed by the Fourth Judicial District Court for Elko County ("state court"). (ECF No. 6-1 at 1–2 (citing *State of Nevada v. Daniel George Gravelle*, Case No. CR-FP-15-0934).) A jury found him guilty of possession of a firearm by a person convicted of a felony offense. (*Id.* at 21.) In March 2016, the state court entered a judgment of conviction and sentenced Gravelle to 24–60 months in the custody of the Nevada Department of Corrections. (*Id.* at 26, 34–37.) However, the sentence was suspended and Gravelle was placed on probation for 60 months. (*Id.* at 44.) In February 2019, he was charged with a probation violation. (*Id.* at 29–30.) The state court conducted an evidentiary hearing in March 2019 and revoked his probation; thus, the suspended sentence was executed. (*Id.* at 31, 44–46.)

1

On or before September 23, 2019, Gravelle initiated this habeas matter. (ECF No. 1.) His original habeas petition (ECF No. 1-1) and amended petition (ECF No. 6-1) state that he did not file a direct appeal to the Nevada appellate courts regarding his conviction and he has not previously filed any petitions, applications, or motions with respect to this judgment in any state or federal court. The Court entered the OSC on October 1, 2019, requiring Gravelle to show cause in writing "why this action should not be dismissed without prejudice because of his failure to exhaust his claims in state court," and noting that his "showing must be factually detailed, and must, where possible, be supported by exhibits." (ECF No. 3 at 5.) The Court further ordered him to file an amended petition and resolve the filing fee by either submitting a federal application to proceed *in forma pauperis* ("IFP") or pay the $5 filing fee. Gravelle filed a response to the OSC, IFP application and amended petition on October 16, 2019. (ECF Nos. 5–6.)

Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize a person to begin an action without prepaying fees and costs if the person submits an IFP application on the approved form along with the appropriate supporting documentation. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. Although Gravelle submitted the required form and supporting documents, the Court denies his IFP application based on the exhaustion defect explained in this order and resulting dismissal of his amended petition.

The amended petition (ECF No. 6-1) alleges three grounds for relief: (1) violation of Sixth and Fourteenth Amendment rights to effective assistance of counsel and due process, (2) violation of Fourth and Sixth Amendment rights to effective assistance of counsel and protection against unlawful search and seizure, and (3) violation of Sixth and Fourteenth Amendment rights to court access and due process.

Gravelle's OSC response contends that his attorneys deprived him of the opportunity to appeal his 2015 conviction by failing to properly consult with him about filing a direct appeal of his sentence. Trial counsel filed a notice of withdrawal after the jury trial and Gravelle was appointed new counsel for sentencing. He claims neither attorney advised him about filing an

appeal, and argues this was *per se* ineffective assistance of counsel. He believes the issue of prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), "could be resolved in a different manner from the one followed by the district court."

The Court finds that the amended petition is subject to immediate dismissal because it is completely unexhausted. Pursuant to 28 U.S.C. § 2254(b)(1)(A), a state prisoner seeking habeas corpus relief in federal court must first exhaust available state court remedies before presenting his claims in the federal court. The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a petitioner must fully and fairly present his claims to the state courts. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). A claim must be raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A petition that is completely unexhausted is subject to immediate dismissal without further advisements or proceedings. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

Grounds one and two of the amended petition are based upon claims of ineffective assistance of counsel ("IAC"). Although Gravelle includes additional allegations of a denial of due process and unlawful search and seizure, these claims are grounded in operative factual allegations asserting that IAC violated Gravelle's constitutional rights. IAC claims are not considered on direct appeal under Nevada state practice. Rather, IAC claims are raised and considered in state petitions for writ of habeas corpus seeking post-conviction relief. *See generally* NRS Chapter 34, Writs: Certiorari, Mandamus, Prohibition, Habeas Corpus. The Nevada Supreme Court has affirmed that "[IAC] claims are properly raised for the first time in a timely first post-conviction petition." *Pellegrini v. State*, 117 Nev. 860, 882, 34 P.3d 519, 534 (2001); *see also Williams v. Crawford*, 669 F. App'x 846, 847 (9th Cir. 2016) (noting that, because "state habeas proceedings are the 'initial review proceedings' for claims of ineffective assistance of trial and

appellate counsel in Nevada," petitioner "effectively was required to bring his claims in those proceedings). Gravelle does not allege that he has filed a state habeas petition, nor does the state court's docket reflect the filing of a state habeas petition (ECF No. 6-1 at 21–33). Thus, his IAC claims are unexhausted.

Ground three alleges a denial of due process and access to the courts based on the state court's April 2019 denial of free trial transcripts. Gravelle acknowledges that this claim could not have been raised on direct appeal because it had yet to occur. (*Id.* at 6–7.) However, he provides no reason for failing to exhaust his claim through state habeas proceedings.

At most, Gravelle's response suggests that he could not exhaust state remedies because counsel was ineffective in failing to advise him regarding a *direct appeal*, and their failure rendered state corrective process unavailable. This argument misses the mark. Even after the Nevada statute of limitations expired,[1] Gravelle at any time could have filed a state habeas petition and sought to establish good cause for his failure to file timely petition. If that petition ultimately were denied as untimely, through to a completed appeal from denial of the petition in the state appellate courts, Gravelle still would have exhausted his IAC claims through available state court procedure. Gravelle instead brings a federal habeas petition without ever presenting his habeas claims to Nevada courts.[2] Gravelle's failure to file a state habeas petition stands as the only reason for his failure to exhaust his claims through available state procedure. In short, state corrective process was available, but Gravelle simply did not invoke it.

///

///

---

[1] Although the state court docket indicates that Gravelle is now serving his suspended sentence because his probation was revoked, Gravelle appears to challenge the underlying judgment of conviction since nothing in the amended petition mentions the revocation. (ECF No. 6-1 at 1–9.) NRS 34.726(1) provides that a state habeas petition challenging the validity of a judgment of conviction must be filed within one year of the judgment becoming final. Thus, in the absence of a direct appeal, Gravelle's judgment became final in April 2016, and a state habeas petition was due in April 2017.

[2] The Court notes that federal habeas petitions are also subject to a one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).

4

**IT THEREFORE IS ORDERED:**

1. Petitioner Daniel George Gravelle's Amended Petition for Writ of Habeas Corpus (ECF No. 6-1) is DENIED without prejudice as unexhausted.
2. Gravelle's Application to Proceed *In Forma Pauperis* (ECF No. 6) is DENIED.
3. A certificate of appealability is DENIED as jurists of reason would not find the Court's dismissal of the petition as completely unexhausted to be debatable or wrong.
4. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.
5. The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED this 22nd day of Oct. 2019.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE